```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| SULZER MIXPAC AG,<br><br>                    Plaintiff,<br><br>-against-<br><br>DXM CO., Ltd., and<br>DENTAZON CORPORATION,<br><br>                    Defendants. | No. 19 CV. 9404 (LAP)<br><br>MEMORANDUM & ORDER |

LORETTA A. PRESKA, Senior United States District Judge:

The Court is in receipt of Defendants' letters requesting that this Court (1) clarify its July 24, 2024 Summary Judgment Order, (Op. & Order Granting Summ. J. and Denying Permanent Inj. ("Summ. J. Order"), dated July 24, 2024 [dkt. no. 128]), regarding its impact on its July 2, 2020 Preliminary Injunction Order, (Mem. & Order Granting Preliminary Inj. ("Prelim. Inj. Order"), dated July 2, 2020 [dkt. no. 62]), and (2) if necessary, grant either Defendants' request to seek leave to file a motion for vacatur or Defendants' request for a pre-motion conference regarding the same (dkt. nos. 129, 131.).  Plaintiff opposed the requests.  (Dkt. no. 130.)  For the reasons set forth below, the Court clarifies its Summary Judgment Order and denies without prejudice Defendants' requests relating to seeking leave to file a motion for vacatur.

**I.  Background**

The Court presumes familiarity with the facts of this case.

### A. The Court's Prior Orders

Relevant here, on July 2, 2020, the Court granted Plaintiff's motion for a preliminary injunction. (Prelim. Inj. Order.) To obtain a preliminary injunction, Plaintiff must establish that "it will suffer irreparable harm and 'either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief.'" (Id. at 7-8, citing Trump v. Deutsche Bank AG, 943 F.3d 627, 635 (2d Cir. 2019), cert. granted, 140 S. Ct. 660 (2019); see also Citigroup Glob. Markets, Inc. v. VCG Special Opportunities Master Fund Ltd., 598 F.3d 30, 35 (2d Cir. 2010).) Regarding "likelihood of success on the merits," the Court found that Plaintiff had a strong likelihood of success on its claim for breach of the 2016 Settlement Agreement, "which alone justifies the issuance of a preliminary injunction." (Id. at 13.)

On July 24, 2024, the Court granted Plaintiff's motion for summary judgment on its breach-of-contract claim and denied Plaintiff's request for a permanent injunction. (Summ. J. Order.) Regarding the permanent injunction, the Court stated that Plaintiff was required to demonstrate "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the

plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." (Id. at 16 (quoting ABKCO Music, Inc. v. Sagan, 50 F.4th 309, 322 (2d Cir. 2022).) The Court explained that Plaintiff only addressed the first factor, irreparable injury, and failed to address the second, third, and fourth factors. (Id. at 17-18.)

### B. The Instant Motion

On August 14, 2024, Defendants filed a letter-motion stating their belief that the Summary Judgment Order "implicitly vacated" the preliminary injunction. (Dkt. no. 129.) Defendants note that the preliminary injunction "was predicated on this Court's determination that the plaintiff was not only likely to succeed on its claim of breach of the Settlement Agreement, but also that plaintiff would likely obtain a permanent injunction." (Id. at 1.) Thus, when the Court denied the permanent injunction, which is "a final decision denying plaintiff equitable relief for breach of the Settlement Agreement," Defendants argue that it thereby "necessarily and automatically" results in vacatur of the preliminary injunction because "its continuance constitute[s] the very permanent injunction which the Court has denied." (Id. at 2.) Defendants further argue that the preliminary injunction "was based solely on the breach of contract claim" and "was not based on any other claims of Plaintiff such as the trademark claims (now

3

dismissed) or the unfair competition claim[]." (Dkt. no. 131 at 1.)

Plaintiff opposes, arguing that the Summary Judgment Order did not implicitly vacate the preliminary injunction but rather that the preliminary injunction "stands on its own and remains in effect." (Dkt. no. 130 at 1.)

In the alternative, Defendants argue that the preliminary injunction should be vacated and request leave to file a motion for vacatur or a pre-motion conference regarding the same, based on the U.S. Supreme Court's recent decision in Starbucks Corp. v. McKinney, 602 U.S. 339 (2024). (Dkt. no. 129 at 2.) According to Defendants, Starbucks clarified that the test for a preliminary injunction follows the traditional four-factor test for a permanent injunction pronounced in Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008), instead of the two-factor test articulated in Citigroup Glob. Markets, Inc., 598 F.3d at 35-38, which was applied in this case. (See id. at 2.)

Plaintiff argues that the decision in Starbucks does not constitute a material change in circumstances to justify vacatur of the preliminary injunction. (Dkt. no. 130 at 2-3.)

## II.  Applicable Law

"[T]here is no Federal Rule of Civil Procedure specifically governing 'motions for clarification.'" Nortek Inc. v. ITT LLC, No. 21 Civ. 03999 (PMH), 2022 WL 2657189, at *1 (S.D.N.Y. July 8,

4

2022) (quoting United States v. Timmons Corp., No. 03 Civ. 00951 (CFH), 2017 WL 11237145, at *7 (N.D.N.Y. Sept. 20, 2017)). "Nonetheless, clarifications of previously issued orders . . . 'may be obtained on motion or made sua sponte by the court.'" Id. (quoting Jones v. U.S. Postal Serv., No. 20 Civ 06516 (VM), 2020 WL 6554904, at *5 (S.D.N.Y. Sept. 29, 2020)). A clarification order only "resolve[s] alleged ambiguities in [the prior] order" and is "not intended to alter or change a court's [prior] order." Id. (quoting Bank of N.Y. Mellon, London Branch v. Cart 1, Ltd., No. 18 Civ 06093 (JPO), 2021 WL 2358695, at *1 (S.D.N.Y. June 9, 2021)).

"A preliminary injunction is an interlocutory order subject to review by the Court prior to entry of judgment." D9 Collection, L.L.C. v. Jimmy Jazz, Inc., No. 11 Civ. 8752 (PAC), 2012 WL 13034897, at *2 (S.D.N.Y. June 29, 2012). To justify vacatur or modification, a moving party must show a "significant change in facts or law," see Lawsky v. Condor Cap. Corp., 2014 WL 3858496, at *5 (S.D.N.Y. Aug. 1, 2014) (quoting Favia v. Ind. Univ. of Pa., 7 F.3d 332, 341 (3d Cir. 1993)); see also Sec. and Exch. Comm'n v. Xia, No. 21 Civ. 5350 (PKC) (JAM), 2024 WL 3447849, at *10 (E.D.N.Y. July 9, 2024) (collecting cases), or a "material change in circumstances" such that "continuance of the injunction is no longer justified and/or will work oppressively against the enjoined parties," see D9 Collection, L.L.C., 2012 WL 13034897, at

5

\*2 (quoting Int'l Equity Invs., Inc. v. Opportunity Equity Partners, Ltd., 427 F. Supp. 2d 491, 501 (S.D.N.Y. 2006), aff'd 246 F. App'x 73 (2d Cir. 2007).

**III. Discussion**

    **A.   The Summary Judgment Order's Impact on the Preliminary Injunction Order**

Defendants argue that the Preliminary Injunction Order "was based solely on the breach of contract claim" and "was not based on any other claims of Plaintiff such as the trademark claims (now dismissed) or the unfair competition claim[]." (Dkt. no. 131 at 1.)  While the Court focused its discussion of the factors to obtain a preliminary injunction on the breach of contract claim, the Preliminary Injunction Order applied to all claims in the case. Really Good Stuff, LLC v. BAP Invs., L.C., No. 19 Civ. 2218 (LLS), 2020 WL 3869163, at \*8 (S.D.N.Y. July 9, 2020) (quoting Eve of Milady v. Impression Bridal, Inc., 957 F. Supp. 484, 487 (S.D.N.Y. 1997)) ("Where a plaintiff seeks a preliminary injunction and asserts multiple claims upon which the relief may be granted, the plaintiff need only establish a likelihood of success on the merits on one of the claims.").

Defendants also argue that the denial of Plaintiff's request for a permanent injunction amounted to a final adjudication of Plaintiff's request for injunctive relief, thereby implicitly

6

vacating the preliminary injunction.  (See dkt. no. 129 at 1-2.) The Court disagrees.

In the Court's Summary Judgment Order, the Court determined that Plaintiff had not made the requisite showings as to three of the four factors under the permanent injunction standard.  (Summary Judgment Order at 17-18).  Specifically, the Court stated that it was "unclear" whether Plaintiff had met the second factor, whether remedies available at law would be sufficient, because Plaintiff "ha[d] not argued why – or why not – monetary damages for Defendants' breach would not compensate its injury."  (Id. at 18.) The Court also stated that Plaintiff had "fail[ed] to explain why the third or fourth factors weigh in its favor."  (Id.)  Thus, the Court held only that Plaintiff had not, at that stage, met its burden for a permanent injunction.  Therefore, the Court denied the permanent injunction as premature and without prejudice.  The Court may deny such requests as premature where, as here, there are still issues relevant to the preliminary injunction standard or claims that have yet to be adjudicated.  See Hypnoxico Inc. v. Colo. Altitude Training, 630 F. Supp. 2d 319, 325 (S.D.N.Y. 2009) (second factor of permanent injunction standard was not established and request for permanent injunction was denied as premature).

The fact that the Court granted summary judgment on Plaintiff's breach-of-contract claim but has not yet had a damages

7

hearing and Plaintiff's claim of unfair competition has yet to be adjudicated, both support the continuance of the preliminary injunction. Denial of the permanent injunction at this point is not a final decision on whether Plaintiff is entitled to equitable relief.

### B. Defendants' Requests Relating to Seeking Leave to File a Motion to Vacate the Preliminary Injunction

In the alternative, Defendants request to seek leave to file a motion for vacatur of the preliminary injunction or a pre-motion conference regarding the same.

Defendants largely ignore that vacatur or modification of the existing preliminary injunction would require them to show a "significant change in facts or law," see Lawsky, 2014 WL 3858496, at *5, or a "material change in circumstances" such that "continuance of the injunction is no longer justified and/or will work oppressively against the enjoined parties," see D9 Collection, L.L.C., 2012 WL 13034897, at *2. Because Defendants have not pointed to any significant change in the facts, the Court construes their argument as there being a significant change in the law or other material change in circumstances to justify vacatur.

Regarding a significant change in law, Defendants must demonstrate that there is an intervening change in controlling law "that might reasonably be expected to alter the conclusion reached

8

by the court." See New Falls Corp. v. Soni Holdings, LLC, No. 19 Civ. 0449 (ADS) (AKT), 2020 WL 9211146, at *5 (E.D.N.Y. Sept. 30, 2020) (quoting Pall Corp. v. 3M Purification Inc., No. 03 Civ. 0092, 2015 WL 5009254, at *1 (E.D.N.Y. Aug. 20, 2015)). The Court reads Defendants' papers as arguing that the Supreme Court's decision in Starbucks is a significant change in the law that warrants vacatur.

In Starbucks the Supreme Court determined the appropriate test to apply when evaluating requests for preliminary injunctions brought under Section 10(j) of the National Labor Relations Act. 602 U.S. at 345-48. It concluded that the appropriate test was Winter's four-factor test for preliminary injunctions, which requires the movant to show "that 'he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" Id. at 346 (quoting Winter, 555 U.S. at 20).

In light of this, Defendants now argue that the two-factor test, which was used by this Court to grant the preliminary injunction in July 2020, no longer applies and instead requires application of the same four-factor test at the preliminary injunction stage as it already requires at the permanent injunction stage. The Court takes issue with this reading of the Starbucks decision. Starbucks appears only to apply to Section 10 cases.

9

602 U.S. at 345-48. Defendants specifically acknowledge this point in their reply letter stating, "[t]he Supreme Court in Winter . . . had already held that the four-factor test applied for all PI motions. Starbucks simply extended the four-factor PI test to labor cases." (Dkt. no. 131 at 2.) Additionally, Winter was decided in 2008, well before the July 2020 preliminary injunction order in this case, and, after Winter, the Second Circuit continued to use the two-factor test. Baliga v. Link Motion Inc., No. 18 Civ. 11642 (VM) (DF), 2022 WL 2531535, at *16 (S.D.N.Y. Mar. 9, 2022) (explaining that the Court of Appeals' approach "more specifically articulated" the Winter preliminary injunction standard); see also Citigroup Glob. Mkts., Inc., 598 F.3d at 35-38 (confirming that the Court of Appeals' two-factor approach remains valid after Winter). Thus, it is not clear to the Court how the Starbucks decision amounts to a significant change in the law such that vacatur of the preliminary injunction is justified.

Regarding a material change in circumstances, Defendants only offer that "denial of the permanent injunction due to plaintiff's failure in proof more than satisfies" that standard. (Dkt. no. 131 at 2.) Denial of the permanent injunction as premature, without prejudice, is not sufficient to show "a material change in circumstances" such that vacatur is warranted.

## IV. Conclusion

For the foregoing reasons, Defendants' requests for (1) a leave to file a motion for vacatur, (dkt. no. 131), or (2) a pre-motion conference seeking leave to file a motion to vacate the preliminary injunction, (dkt. no. 129), are DENIED without prejudice. The parties shall propose to the Court a discovery schedule regarding damages and the remaining claim in the case. The Clerk of the Court is directed to close dkt. no. 129.

**SO ORDERED.**

Dated:    December 19, 2024
         New York, New York

_____
LORETTA A. PRESKA
Senior United States District Judge