**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
**SULZER MIXPAC AG,**
  **Plaintiff,**

-against-                             **Case No. 1:19-cv-09404-LAP**

**DXM CO. LTD., and**
**DENTAZON CORPORATION**
  **Defendants.**
-------------------------------------------------------------X

**PROTECTIVE ORDER REGARDING**
**THE DISCLOSURE AND USE OF DISCOVERY MATERIALS**

Plaintiff Sulzer Mixpac AG ("Plaintiff") and Defendants DXM Co. Ltd. and Dentazon

Corporation (collectively, "Defendants") anticipate that documents, testimony, or information

containing or reflecting confidential, proprietary, trade secret, and/or commercially sensitive

information are likely to be disclosed or produced during the course of discovery, initial

disclosures, and supplemental disclosures in this case and request that the Court enter an Order

setting forth the conditions for treating, obtaining, and using such information.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court finds good

cause for entry of the following Protective Order Regarding the Disclosure and Use of

Discovery Materials ("Order" or "Protective Order").

1.      **PURPOSES AND LIMITATIONS**

(a)     Protected Material designated under the terms of this Protective Order shall

be used by a Receiving Party solely for this case and shall not be used directly or indirectly for any

other purpose whatsoever.

(b)     The Parties acknowledge that this Order does not confer blanket protections

on all disclosures during discovery, or in the course of making initial or supplemental disclosures

under Rule 26(a). Designations under this Order shall be made with care and shall not be made absent a good faith belief that the designated material satisfies the criteria set forth below. If it comes to a Producing Party's attention that designated material does not qualify for protection at all, or does not qualify for the level of protection initially asserted, the Producing Party must promptly notify all other Parties that it is withdrawing or changing the designation.

2.    **DEFINITIONS**

(a)    "Communication" means any conversation, discussion, letter, memorandum, email, text message, meeting, note, or other transfer of information whether written, oral, or by any other means and includes any documents which abstract, digest, transcribe, or record any such communication.

(b)    "Day" or "date" means the exact day, month, and year if ascertainable, or if not, the best available approximation (including relationship to other events).

(c)    "Defendants" shall collectively refer to Defendants DXM Co. Ltd. ("DXM") and Dentazon Corporation ("Dentazon"), to each Defendant individually, and/or any member, officer, director, shareholder, attorney, employee, accountant, parent, subsidiary, division, affiliate, predecessor, agent, representative, or person acting on their behalf or under their control.

(d)    "Discovery Material" means all items or information, including from any non-party, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced, that are refused production, disclosed, or generated in connection with discovery or Rule 26(a) disclosures in this case.

(e)    "Discovery Requests" means a Party's interrogatories, requests for production, and requests for admission.

(f)    "Outside Counsel" means (i) counsel who have made an appearance in this case and/or counsel who have been admitted *pro hac vice* to this case, and (ii) partners, associates, and non-lawyer staff of such counsel to whom it is reasonably necessary to disclose the information for this litigation.

(g)    "Party" means a party to this case and any member, officer, director, shareholder, attorney, employee, accountant, parent, subsidiary, division, affiliate, predecessor, agent, representative, or person acting on their behalf or under the party's control.

(h)    "Plaintiff" or "Mixpac" shall collectively refer to Plaintiff Sulzer Mixpac AG and/or any member, officer, director, shareholder, attorney, employee, accountant, parent, subsidiary, division, affiliate, predecessor, agent, representative, or person acting on their behalf or under their control.

(i)    "Producing Party" means any Party or non-party that discloses or produces any Discovery Material in this case.

(j)    "Protected Material" means any Discovery Material that is designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" (or simply "AEO") as provided for in this Order. Protected Material shall not include materials that have been actually published or publicly disseminated.

(k)    "Receiving Party" means any Party who receives Discovery Material from a Producing Party.

(l)    "Sensitive Industry Information" means the following items: financial data, sales information, customer lists, supplier information, sales or marketing forecasts or plans,

business plans, sales or marketing strategy, product development information, engineering documents, design-around documents, testing documents, employee information, information regarding market share, non-public prosecution information, and other non-public information of similar competitive and business sensitivity related to a Producing Party. In addition, Sensitive Industry Information shall include but is not limited to the foregoing items with respect to Mixpac's mixing tips.

(m)    "This Action" shall mean *Sulzer Mixpac AG v. DXM Co. Ltd. et al.*, Case No. 1:19-cv-09404-LAP in the Southern District of New York.

(n)    The terms "document" and "Electronically Stored Information" (or "ESI") have the full meanings ascribed to them in Fed. R. Civ. P. 34 and include all writings and records of every kind or description, however produced or reproduced, whether in hard copy or electronic form, whether draft or final, and whether original or reproduction, in the possession, custody or control of a Producing Party or Producing Party's attorneys, agents, representatives or assigns. Any document or item of ESI that contains any notation, addition, comment or marking of any kind that makes it different from the original in any way is a separate document or item of ESI.

(o)    The terms "person," "persons" or "people" include not only natural people but also firms, partnerships, corporations, joint ventures, sole proprietorships, associations and business enterprises, as well as all divisions, subdivisions, bureaus, offices, departments or other units thereof.

(p)    The terms "concerning," "regarding," "related to," "refer to," "relating," or "referring to" will be used in their broadest sense and shall mean directly or indirectly mentioning or describing, pertaining to, constituting, evidencing, being connected with, or reflecting upon a stated subject matter, including but not limited to the particular category of information requested.

(q)     The singular shall be deemed to include the plural, and the plural shall be deemed to include the singular as necessary to make the request inclusive rather than exclusive.

(r)     The words "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

(s)     The word "any" means all and the word "all" means any. The words "any" and "all" shall be construed as necessary to make a request inclusive rather than exclusive.

**3.**     **COMPUTATION OF TIME**

The computation of any period of time prescribed or allowed by this Order shall be performed in terms of calendar days (i.e., without regard to weekends or holidays).

**4.**     **SCOPE**

(a)     The protections conferred by this Order cover not only Discovery Material governed by this Order as addressed herein, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or their Outside Counsel in court or in other settings that might reveal Protected Material.

(b)     Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Protected Material for any purpose and at any location, and nothing in this Order shall preclude any Producing Party from showing its Protected Material to an individual who prepared the Protected Material.

(c)     Nothing in this Order shall be construed to prejudice any Party's right to use any Protected Material in court or in any court filing, or in a government administrative body or any government administrative body filing, with the consent of the Producing Party or by order of the Court or government administrative body.

(d)    This Order is without prejudice to the right of any Party to seek further or additional protection of any Discovery Material or to modify this Order in any way, including, without limitation, an order that certain matter not be produced at all or produced under seal of the Court.

5.    **DURATION**

Even after the termination of this case, the confidentiality obligations imposed by this Order shall remain in effect until a Producing Party agrees otherwise in writing that a Protected Material is no longer protected, or a court order otherwise directs.

6.    **ACCESS TO AND USE OF PROTECTED MATERIAL**

(a)    Basic Principles: All Protected Material shall be used solely for this case or any related appellate proceeding, and not for any other purpose whatsoever. Protected Material shall not be distributed, disclosed or made available to anyone except as expressly provided in this Order.

(b)    Secure Storage, No Export: Protected Material must be stored and maintained by a Receiving Party at a secure location in the United States and in a secure manner that ensures that access is limited to the persons authorized under this Order. No Protected Material may leave the territorial boundaries of the United States of America or be made available to any foreign national who is not lawfully admitted for permanent residence in the United States, except that because the Plaintiff and one of the Defendants are foreign nationals, Protected Material designated only "CONFIDENTIAL" may be seen by any Party and can be made available in that Party's country, whether inside or outside the United States of America subject to the provisions of this Order. No person, except for Outside Counsel, may see or have access to any Protected Material until such person has signed a form that is identical to Exhibit A to this Protective Order

and such form has been delivered to the Outside Counsel for the Producing Party.

(c)    Limitations: Nothing in this Order shall restrict in any way a Producing Party's use or disclosure of its own Protected Material. Nothing in this Order shall restrict in any way the use or disclosure of Discovery Material by a Receiving Party: (i) that is or has become publicly known through no fault of the Receiving Party; (ii) that is lawfully acquired by or known to the Receiving Party independent of the Producing Party; (iii) previously produced, disclosed and/or provided by the Producing Party to the Receiving Party or a non-party without an obligation of confidentiality and not by inadvertence or mistake; (iv) with the consent of the Producing Party; or (v) pursuant to order of the Court.

## 7.    DESIGNATING PROTECTED MATERIAL

(a)    Available Designations: Any Producing Party may designate Discovery Material with any of the following designations, provided that it meets the requirements for such designations as provided for herein: "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" (or simply "AEO")

(b)    Written Discovery and Documents and Tangible Things: Written discovery, documents (which include "electronically stored information," as that phrase is used in Federal Rule of Civil Procedure 34), and tangible things that meet the requirements for the confidentiality designations listed in Paragraph 7(a) may be so designated by placing the appropriate designation in a conspicuous manner on every page of the written material prior to production. For digital files being produced where it is not possible to apply such designation, the Producing Party may mark the enclosure containing the digital files and/or the communication in which the digital files were contained. In the event that original documents are produced for inspection, the original documents shall be presumed "CONFIDENTIAL – ATTORNEYS' EYES ONLY" during the inspection and

re-designated, as appropriate during the copying process.

(c)     <u>Depositions and Testimony</u>.  Parties or testifying persons or entities may designate portions of or an entire deposition and other testimony with the appropriate designation by indicating on the record at the time the testimony is given or by sending written notice of how portions of the transcript of the testimony is designated within thirty (30) days of receipt of the transcript of the testimony. If no indication on the record is made, all information disclosed during a deposition shall be deemed "CONFIDENTIAL – ATTORNEYS' EYES ONLY" until the time within which it may be appropriately designated as provided for herein has passed. Any Party that wishes to disclose the transcript, or information contained therein, to a non-party may provide written notice of its intent to treat the transcript as non-confidential, after which time any Party that wants to maintain any portion of the transcript as confidential must designate the confidential portions within fourteen (14) days, or else the transcript may be treated as non-confidential. Any Protected Material that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with such Protected Material. In such cases the court reporter shall be informed of this Protective Order and shall be required to operate in a manner consistent with this Protective Order. In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order, substantially along the lines of "This videotape contains confidential testimony used in this case and is not to be duplicated, printed, transcribed, viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative Protective Order in this matter or pursuant to written stipulation of the parties." Counsel for any Producing Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the reporter and

videographer (if any), any person who is not authorized by this Protective Order to receive or access Protected Material based on the designation of such Protected Material. Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.

8.    **DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL"**

(a)    A Producing Party may designate Discovery Material as "CONFIDENTIAL" if it contains or reflects confidential, proprietary, and/or commercially sensitive information.

(b)    Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL" may be disclosed only to the following:

(i)    The Receiving Party's Outside Counsel, such counsel's litigation assistants, paralegals, clerical staff, technical staff, administrative staff, and other support staff with respect to this litigation;

(ii)    The following named person(s) for the Receiving Party as specifically identified below, who shall agree to be bound by the provisions of the Protective Order by signing a copy of Exhibit A attached hereto:

- For Plaintiff, Sulzer Mixpac AG: Hans Peter Brack

- For Defendant, DXM Co. Ltd.: Durok Jung

- For Defendant, Dentazon Corporation: Sun Song

(iii)    Any outside expert or consultant retained by the Receiving Party to assist in This Action, provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current officer, director, or employee of a

Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director or employee of a Party or of a competitor of a Party; (c) such expert or consultant accesses the materials in the United States only, and does not transport them to or access them from any foreign jurisdiction; and (d) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 12 below;

(iv)    Court reporters, stenographers and videographers retained to record testimony taken in This Action;

(v)    The Court, jury, and court personnel;

(vi)    Vendors who are actively engaged at the direction of Outside Counsel, including document processing vendors, graphics, translation, design, and/or trial consulting personnel, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order;

(vii)    Mock jurors who have signed an undertaking or agreement agreeing not to publicly disclose Protected Material and to keep any information concerning Protected Material confidential;

(viii)    Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(ix)    Any other person with the prior written consent of the Producing Party.

9.    **DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL – ATTORNEYS' EYES ONLY"**

(a)    A    Producing    Party    may    designate    Discovery    Material    as

"CONFIDENTIAL – ATTORNEYS' EYES ONLY" if it contains Sensitive Industry Information or reflects information that is extremely confidential in nature and the Producing Party reasonably believes that the disclosure of such Discovery Material is likely to cause economic harm or significant competitive disadvantage to the Producing Party. The Parties agree that the following information, if non-public, shall be presumed to merit the "CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation: trade secrets, pricing information, financial data, sales information, sales or marketing forecasts or plans, business plans, sales or marketing strategy, customer names or a customer list, product development information, engineering documents, product design-around documents, testing documents, employee information, supplier information, non-public prosecution information, and other non-public information of similar competitive and business sensitivity.

(b)     Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed only to:

(i)     The Receiving Party's Outside Counsel, provided that such Outside Counsel is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party, and such Outside Counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

(ii)     Any outside expert or consultant retained by the Receiving Party to assist in This Action, provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

(b) such expert or consultant is not a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director, or employee of a Party or of a competitor of a Party; (c) such expert or consultant is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party; (d) such expert or consultant accesses the materials in the United States only, and does not transport them to or access them from any foreign jurisdiction; and (e) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 10 below;

(iii)    Court reporters, stenographers and videographers retained to record testimony taken in This Action;

(iv)    The Court, jury, and court personnel; Document processing vendors, graphics, translation, design, and/or trial consulting personnel, having first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

(v)    Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(vi)    Any other person with the prior written consent of the Producing Party.

10. **<u>NOTICE OF DISCLOSURE</u>**

(a)    Prior to disclosing any Protected Material from another Producing Party to any person described in Paragraphs 8(b)(ii), 8(b)(iii), or 9(b)(ii) (referenced below as "Person"),

the Party seeking to disclose such information shall provide the Producing Party with written notice that includes:

(i)     the name and address of the Person;

(ii)    an up-to-date curriculum vitae of the Person;

(iii)   the present employer and title of the Person; and

(iv)    an identification of all of the Person's past and current employment and consulting relationships, including direct relationships and relationships through entities owned or controlled by the Person.

The Party seeking to disclose Protected Material shall provide such other information regarding the Person's professional activities reasonably requested by the Producing Party for it to evaluate whether good cause exists to object to the disclosure of Protected Material to the outside expert or consultant.

(b)     Within five (5) business days of receipt of the disclosure of the Person, the Producing Party or Parties may object in writing to the Person for good cause. In the absence of an objection at the end of the five (5) business day period, the Person shall be deemed approved under this Protective Order. There shall be no disclosure of Protected Material to the Person prior to expiration of this five (5) business day period. If the Producing Party objects to disclosure to the Person within such five (5) business day period, the Parties shall meet and confer via telephone or in person within two (2) business days following the objection and attempt in good faith to resolve the dispute on an informal basis. If the dispute is not resolved, the Party objecting to the disclosure will have five (5) business days from the date of the meet and confer to seek relief from the Court. If relief is not sought from the Court within that time, the objection shall be deemed withdrawn. If relief is sought, designated materials shall not be disclosed to the Person in question until the Court

resolves the objection.

(c)    For purposes of this section, "good cause" shall include an objectively reasonable concern that the Person will, advertently or inadvertently, use or disclose Discovery Materials in a way or ways that are inconsistent with the provisions contained in this Order.

(d)    Prior to receiving any Protected Material under this Order, the Person must execute a copy of the "Agreement to Be Bound by Protective Order" (Exhibit A hereto) and serve it on all Parties.

(e)    An initial failure to object to a Person under this Paragraph 10 shall not preclude the nonobjecting Party from later objecting to continued access by that Person for good cause. If an objection is made, the Parties shall meet and confer via telephone or in person within two (2) business days following the objection and attempt in good faith to resolve the dispute informally. If the dispute is not resolved, the Party objecting to the disclosure will have five (5) days from the date of the meet and confer to seek relief from the Court. The designated Person may continue to have access to information that was provided to such Person prior to the date of the objection. If a later objection is made, no further Protected Material shall be disclosed to the Person until the Court resolves the matter or the Producing Party withdraws its objection. Notwithstanding the foregoing, if the Producing Party fails to move for a protective order within five (5) business days after the meet and confer, further Protected Material may thereafter be provided to the Person.

11.    **CHALLENGING DESIGNATIONS OF PROTECTED MATERIAL**

(a)    A Party shall not be obligated to challenge the propriety of any designation of Discovery Material under this Order at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.

(b)     Any challenge to a designation of Discovery Material under this Order shall be written, shall be served on outside counsel for the Producing Party, shall particularly identify the documents or information that the Receiving Party contends should be differently designated, and shall state the grounds for the objection. Thereafter, further protection of such material shall be resolved in accordance with the following procedures:

(i)     The objecting Party shall have the burden of conferring either in person, in writing, or by telephone with the Producing Party claiming protection (as well as any other interested party) in a good faith effort to resolve the dispute. The Producing Party shall have the burden of justifying the disputed designation;

(ii)     Failing agreement, the Receiving Party may bring a motion to the Court for a ruling that the Discovery Material in question is not entitled to the status and protection of the Producing Party's designation. The Parties' entry into this Order shall not preclude or prejudice either Party from arguing for or against any designation, establish any presumption that a particular designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information;

(iii)     Notwithstanding any challenge to a designation, the Discovery Material in question shall continue to be treated as designated under this Order until one of the following occurs: (a) the Party who designated the Discovery Material in question withdraws such designation in writing and serves such writing on all other parties; or (b) the Court rules that the Discovery Material in question is not entitled to the designation.

(c)     Alternatively, the Receiving Party may request the Producing Party to

permit specific persons to receive such Discovery Material.

12. **SUBPOENAS OR COURT ORDERS**

(a)    If a Receiving Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items it received from a Producing Party in this action designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party must:

(i)    promptly notify in writing the Producing Party. Such notification shall include a copy of the subpoena or court order;

(ii)    promptly notify in writing the person or entity who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Order; and

(iii)    cooperate with respect to all reasonable procedures sought to be pursued by the Producing Party whose Protected Material may be affected.

(b)    If the Producing Party timely seeks a protective order, the Receiving Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Receiving Party has obtained the Producing Party's permission.

13. **FILING PROTECTED MATERIAL**

(a)    Absent written permission from the Producing Party or a court Order secured after appropriate notice to all interested persons, a Receiving Party may not file or disclose in the public record any Protected Material. If Protected Material designated "CONFIDENTIAL"

or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" is to be submitted as part of a court filing, this information must be filed under seal in accordance with the rules for filing documents under seal in the Southern District of New York. To the extent Protected Material designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" is e-filed, this filing must meet the additional requirements set forth in the Southern District of New York's "Steps for E-Filing Sealed Documents."

      14.     **INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL**

      (a)     The inadvertent production by a Party of Discovery Material subject to the attorney-client privilege, work-product protection, or any other applicable privilege or protection, despite the Producing Party's reasonable efforts to prescreen such Discovery Material prior to production, will not waive the applicable privilege and/or protection if a request for return of such inadvertently produced Discovery Material is made promptly after the Producing Party learns of its inadvertent production.

      (b)     Upon a request from any Producing Party who has inadvertently produced Discovery Material that it believes is privileged and/or protected, each Receiving Party shall immediately return such Protected Material or Discovery Material and all copies to the Producing Party, except for any pages containing privileged markings by the Receiving Party which shall instead be destroyed and certified as such by the Receiving Party to the Producing Party.

      (c)     Nothing herein shall prevent the Receiving Party from preparing a record for its own use containing the date, author, addresses, and topic of the inadvertently produced Discovery Material and such other information as is reasonably necessary to identify the Discovery Material and describe its nature to the Court in any motion to compel production of the Discovery Material.

15.    <u>**INADVERTENT FAILURE TO DESIGNATE PROPERLY**</u>

(a)    The inadvertent failure by a Producing Party to designate Discovery Material as Protected Material with one of the designations provided for under this Order shall not waive any such designation provided that the Producing Party notifies all Receiving Parties that such Discovery Material is protected under one of the categories of this Order within fourteen (14) days of the Producing Party learning of the inadvertent failure to designate. The Producing Party shall reproduce the Protected Material with the correct confidentiality designation within seven (7) days upon its notification to the Receiving Parties. Upon receiving the Protected Material with the correct confidentiality designation, the Receiving Parties shall return or securely destroy, at the Producing Party's option, all Discovery Material that was not designated properly.

(b)    A Receiving Party shall not be in breach of this Order for any use of such Discovery Material before the Receiving Party receives such notice that such Discovery Material is protected under one of the categories of this Order, unless an objectively reasonable person would have realized that the Discovery Material should have been appropriately designated with a confidentiality designation under this Order. Once a Receiving Party has received notification of the correct confidentiality designation for the Protected Material with the correct confidentiality designation, the Receiving Party shall treat such Discovery Material (subject to the exception in Paragraph 15(c) below) at the appropriately designated level pursuant to the terms of this Order.

(c)    Notwithstanding    the    above,    a    subsequent    designation    of "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall apply on a going forward basis and shall not disqualify anyone who reviewed "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" materials while the materials were not marked "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" from

engaging in the activities set forth in Paragraph 6(b).

**16.    INADVERTENT DISCLOSURE NOT AUTHORIZED BY ORDER**

(a)    In the event of a disclosure of any Discovery Material pursuant to this Order to any person or persons not authorized to receive such disclosure under this Protective Order, the Party responsible for having made such disclosure, and each Party with knowledge thereof, shall immediately notify counsel for the Producing Party whose Discovery Material has been disclosed and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure. The responsible disclosing Party shall also promptly take all reasonable measures to retrieve the improperly disclosed Discovery Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made.

(b)    The inadvertent, unintentional, or *in camera* disclosure of Discovery Material marked "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" (or simply "AEO") does not change the status of Discovery Material and shall not generally be deemed a waiver, in whole or in part, of any Party's claims that such material is protected. If at any time prior to trial, the Producing Party realizes that some portion(s) of the Discovery Material that it produced should be designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," (or simply "AEO") the Producing Party may so designate by apprising all Parties in writing, and provided that the material has not already been published or otherwise disclosed, such portion(s) shall thereafter be treated as designated by the Producing Party.

**17.    FINAL DISPOSITION**

(a)    Not later than ninety (90) days after the Final Disposition of this case, each Party shall return all Discovery Material of a Producing Party to the respective Outside Counsel of the Producing Party or destroy such Material, at the option of the Receiving Party. For purposes

of this Order, "Final Disposition" occurs after an order, mandate, or dismissal finally terminating the above-captioned action with prejudice, including all appeals.

(b)    All Parties that have received any such Discovery Material shall certify in writing that all such materials have been returned to the respective outside counsel of the Producing Party or destroyed. Notwithstanding the provisions for return of Discovery Material, outside counsel may retain one set of pleadings, correspondence and attorney and consultant work product (but not document productions) for archival purposes.

### 18.    **NON-PARTY'S PROTECTED MATERIAL**

(a)    The terms of this Protective Order are applicable to information produced by a Non-Party in this action that the Non-Party designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" (or simply "AEO") Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Protective Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

### 19.    **MISCELLANEOUS**

(a)    <u>Right to Further Relief</u>: Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.  By stipulating to this Order, the Parties do not waive the right to argue that certain material may require additional or different confidentiality protections than those set forth herein.

(b)    <u>Termination of Matter and Retention of Jurisdiction</u>: The Parties agree that the terms of this Protective Order shall survive and remain in effect after the Final Determination of the above-captioned matter. The Court shall retain jurisdiction after Final Determination of this matter to hear and resolve any disputes arising out of this Protective Order.

(c)    <u>Successors</u>: This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

(d)    <u>Additional Parties</u>: In the event additional parties are joined in This Action, they shall not have access to Discovery Material marked "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" (or simply "AEO") until the newly joined party, by its counsel, has executed and, at the request of any Party, filed with the Court, its agreement to be fully bound by this Protective Order

(e)    <u>Right to Assert Other Objections</u>: By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order. This Order shall not constitute a waiver of the right of any Party to claim in This Action or otherwise that any Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in This Action or any other proceeding.

(f)    <u>Burdens of Proof</u>: Notwithstanding anything to the contrary above, nothing in this Protective Order shall be construed to change the burdens of proof or legal standards applicable in disputes regarding whether particular Discovery Material is confidential, which level of confidentiality is appropriate, whether disclosure should be restricted, and if so, what restrictions should apply.

(g)    <u>Modification by Court</u>: This Order is subject to further court order based upon public policy or other considerations, and the Court may modify this Order *sua sponte* in the

interests of justice. The United States District Court for the Southern District of New York is responsible for the interpretation and enforcement of this Order. All disputes concerning Protected Material, however designated, produced under the protection of this Order shall be resolved by the United States District Court for the Southern District of New York.

(h)    <u>Discovery Rules Remain Unchanged</u>: Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Southern District of New York, or the Court's own orders. Identification of any individual pursuant to this Protective Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Southern District of New York, or the Court's own orders.

**SO ORDERED.**

_Loretta A. Preska_
Loretta A. Preska
United States District Judge

June 23, 2025
New York, New York

## **EXHIBIT A**

I, _____, acknowledge and declare that I have received a copy of the Protective Order ("Order") in Sulzer Mixpac AG v. DXM Co. Ltd. and Dentazon Corporation, United States District Court, Southern District of New York, Civil Action No. 1:19-cv-09404-LAP. Having read and understood the terms of the Order, I agree to be bound by the terms of the Order and consent to the jurisdiction of said Court for the purpose of any proceeding to enforce the terms of the Order.

Name of individual: _____

Present occupation/job description: _____

_____

_____

_____

_____

Name of Company or Firm: _____

Address: _____

_____

_____

Dated: _____

                                                    _____
                                                    [Signature]