UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SULZER MIXPAC AG,

                Plaintiff,

-against-

DXM CO., Ltd., and
DENTAZON CORPORATION,

                Defendants.

No. 19 Civ. 9404 (LAP)

ORDER

---

LORETTA A. PRESKA, Senior United States District Judge:

    Before the Court are the following documents: (1) Defendants' letters requesting a pre-motion conference seeking leave to file an Amended and Supplemental Answer and Counterclaims, (dkt. no. 134); (2) Plaintiff's opposition, (dkt. no. 135); and (3) Defendants' reply, (dkt. no. 136). The Court treats Defendants' letter as a motion, (the "Motion"). For the reasons set forth below, Defendants' Motion is GRANTED in part and DENIED in part.

## I. Background

    The Court assumes familiarity with the facts of this case. As relevant here, on September 15, 2022, the Court, inter alia, granted Plaintiff's motion to dismiss Defendants' Counterclaims III and IV alleging violation of antitrust laws and alleging unfair competition, respectively. (Dkt. no. 115 at 23-24.) The Counterclaims were dismissed with prejudice as to Defendants' allegations that Plaintiff's claim of trademark infringement constitutes a sham litigation. (Id. at 24.) And the Counterclaims

were dismissed without prejudice as to Defendants' allegations that Plaintiff "has illegally attempted to secure and maintain a monopoly" in the relevant market by "attempt[ing] to coerce [DXM] to sign Consent Judgments." (Id.)

Since the Court's September 15, 2022 order, the Court granted Plaintiff's summary judgment motion and denied Plaintiff's request for a permanent injunction. (See dkt. no. 128.) Subsequently, the Court denied without prejudice Defendants' request for leave to file a motion for vacatur of the July 2, 2020 preliminary injunction order, (dkt. no. 128). (See dkt. no. 132.)

On March 14, 2025, Defendants filed a letter requesting a pre-motion conference seeking leave to file an Amended and Supplemental Answer and Counterclaims. (Dkt. no. 134.) On March 19, 2025, Plaintiff opposed. (Dkt. no. 135.) On March 20, 2025, Defendants replied. (Dkt. no. 136.)

II. **Applicable Law**

It is well established that, where a party cannot amend as a matter of course, courts should freely give leave to amend a complaint "when justice so requires." See Fed. R. Civ. P. 15(a)(2); Foman v. Davis, 371 U.S. 178, 182 (1962); Keller v. Schoharie Cty. Dep't of Soc. Servs., 848 F. App'x 38, 39 (2d Cir. 2021). However, "[a] district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." McCarthy v. Dun &

Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007) (citing Foman, 371 U.S. at 182). "To determine whether a proposed pleading is futile, courts analyze whether it would withstand a motion to dismiss." Agerbrink v. Model Serv. LLC, 155 F. Supp. 3d 448, 456 (S.D.N.Y. 2016) (citing AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A., 626 F.3d 699, 726 (2d Cir. 2010); see also Carroll v. Trump, 590 F. Supp. 3d 575, 579 (S.D.N.Y. 2022) ("[I]t is unexceptional for federal courts to deny leave to amend on the basis of futility where the proposed amended pleading would not withstand a motion to dismiss."). Moreover, "[t]he opposing party must establish that granting leave to amend would be futile." Blagman v. Apple, No. 12 Civ. 5453 (ALC) (JCF), 2014 WL 2106489, at *5 (S.D.N.Y. May 19, 2014) (citing Sotheby's, Inc. v. Minor, No. 08 Civ. 7694, 2009 WL 3444887, at *3 (S.D.N.Y. Oct. 26, 2009). Like when considering a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must accept as true all well-pleaded facts and draw all reasonable inferences in the moving party's favor. Agerbrink, 155 F. Supp. 3d at 456 (citing Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 91-92 (2d Cir. 2002).

### III. Discussion

Defendants characterize Plaintiff's antitrust violations into two categories: (1) "New Violations of the Antitrust Laws" and (2)

"Earlier Violations of the Antitrust Laws."  (See dkt. no. 134 at 2-3.)  The Court addresses each in turn.

### a. "New Violations of the Antitrust Laws"

The Court of Appeals in Sulzer Mixpac AG v. A&N Trading Co., 988 F.3d 174, 183 (2d. Cir. 2021), cert. denied 142 S. Ct. 1359 (2022), a different case involving Mixpac's Candy Colors, reversed the decision of the district court and held that certain of Mixpac's Candy Colors trademarks to color-code mixing tips by size are functional and thus not protectable under Trademark Law.  (See dkt. no. 115 at 4-5.)  Notwithstanding this decision and the exhaustion of its appeal right in 2022, Defendants assert that Plaintiff has (1) maintained its Candy Color U.S. Trademark Registrations at the U.S. Patent and Trademark Office ("USPTO"), (2) maintained its exclusion orders at the U.S. Customs and Border Patrol ("CBP"), and (3) renewed the first of its Candy Color Registrations at the USPTO in December 2024.  (Dkt. no. 134 at 1.)

Plaintiff's response to these allegations is: "[the Court of Appeals] did not cancel any of the Registrations – it reversed the judgment of the district court and remanded the case for further proceedings.  The district court has not cancelled any of Mixpac's Registrations and has not issued a final ruling."  (Dkt. no. 135 at 2.)  Plaintiff further argues that "it would be illogical" to preemptively forfeit its Registrations before the district court's final order when it is unclear which, if any, registrations the

4

district court might cancel. (Id.) However, the Court of Appeals' decision is a final order holding that Mixpac's Candy Colors trademarks to color-code mixing tips by size, that were at issue in the district court, are functional.[1] Sulzer, 988 F.3d at 183. Hence, the parties should know exactly which trademarks are no longer protected. Notably, the parties have not provided facts or law to the contrary.

Also, the addition of this Counterclaim is relevant to Defendants' contentions that Plaintiff has come to Court with unclean hands and that the proposed amendment will not involve significant additional discovery. Thus, it will not prejudice Plaintiff. While Defendants could have raised some of these issues earlier or even initiated a cancellation action with the Trademark Board,[2] in the interest of consolidating all the issues between the parties, the Motion is GRANTED in that Defendants may amend to include a claim based on these "new violations of the antitrust laws."

---

[1] "We conclude that the record evidence establishes that Mixpac's use of colors on its mixing tips affects their quality identifying the mixing tip's diameter, rendering the trade dress functional. We decline to address the contempt claim, on which the district court did not rule. Upon remand, the district court should consider the contempt claim. The judgment of the district is reversed, and the case is remanded for further proceedings consistent with this opinion." Sulzer, 988 F.3d at 184.

[2] See generally U.S. Patent & Trademark Off., Trademark Manual of Examining Procedure (May 2025), https://tmep.uspto.gov. § 1610; see also 15 U.S.C. § 1052(e)(5).

### b. "Earlier Violations of the Antitrust Laws"

Additionally, Defendants seek to present an edited version of Counts III and IV of its original Counterclaims alleging that Plaintiff committed antitrust violations "by using its monopoly power to coerce Defendants to enter into the Settlement Agreement." (Dkt. no. 134 at 3.)  Defendants do not provide any additional information as to the intended edits.  Although the Court dismissed these claims without prejudice, (dkt. no. 115 at 28), there is not enough information to determine if the edits hold merit.  And, if the edits derive from information that was previously known to Defendants, they would certainly be deemed untimely.  Accordingly, the Motion is DENIED in that Defendants may not amend to include a claim based on "earlier violations of the antitrust laws."

### IV. Conclusion

For the foregoing reasons, Defendants' motion for leave to file an Amended and Supplemental Answer and Counterclaims is GRANTED in part and DENIED in part.

The parties shall confer and propose to the Court, by letter, a discovery schedule regarding damages and the remaining claims in the case, no later than October 30, 2025.  The parties shall also appear for a settlement conference with decision-makers on November 25, 2025 at 11:00 a.m. in Courtroom 12A.

**SO ORDERED.**

Dated:    October 16, 2025
         New York, New York

*Loretta A. Preska*
_____
LORETTA A. PRESKA
Senior United States District Judge

7